1

2

3

4

5

6

7    **IN THE UNITED STATES DISTRICT COURT FOR THE**

8    **EASTERN DISTRICT OF CALIFORNIA**

9

10   VICTOR LAMONT BROWN,                    )    1:03-cv-06609-AWI
                                              )    (1:98-cr-05294-AWI)
11                        Petitioner,         )
                                              )    ORDER DENYING MOTION
12        v.                                  )    FOR RECONSIDERATION
                                              )
13   UNITED STATES OF AMERICA,                )    (Doc. 279)
                                              )
14                        Respondent.         )
                                              )
15   _____ )

16

17   On November 9, 2000, Victor Lamont Brown (hereinafter "Petitioner") was found guilty by a jury

18   on three counts of (1) conspiracy to distribute, and possess with intent to distribute, cocaine under

19   21 U.S.C. §§ 846 and 841(a)(1); (2) possession of cocaine with intent to distribute under 21 U.S.C.

20   § 841(a)(1); and (3) criminal forfeiture of $1,090,968.00 under 21 U.S.C. § 853. On January 22,

21   2001, Petitioner was sentenced to life imprisonment on the first two counts to be served concurrently

22   for a total term of life, followed by a 120-month term of supervised release. On November 14, 2003,

23   following an unsuccessful appeal,[1] Petitioner filed a motion to vacate, set aside or correct his

24   sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel.

25   The government filed its opposition to Petitioner's § 2255 motion on January 23, 2004.

26   _____

27       [1] *See U.S. v. Brown,* 40 Fed.Appx. 471 (9th Cir. 2002) (unpublished) (affirming sentence);
     *Brown v. U.S.,* 537 U.S. 1037, 123 S.Ct. 571, 154 L.Ed.2d 457 (2002) (denying certiorari); *Brown*
28   *v. U.S.,* 537 U.S. 1150, 123 S.Ct. 959, 154 L.Ed.2d 859 (2003) (denying rehearing).

On October 2, 2006, Petitioner filed a notice of change of address stating he was housed at United States Penitentiary (USP) Lewisburg, P.O. Box 1000, Lewisburg, PA 17837. On September 4, 2007, Petitioner filed a second notice of change of address stating he was housed at USP Victorville, P.O. Box 5500, Adelanto, CA 92310. On April 13, 2009, Petitioner filed a letter requesting a status report from the clerk of court. The letter reflected the Adelanto address.

On May 19, 2009, Petitioner's criminal case was reassigned to this Court. The clerk of court served notice of the reassignment on Petitioner by mail. On May 27, 2009, the notice of reassignment mailed to Petitioner was returned to the Court marked undeliverable and unable to forward. On September 11, 2009, Petitioner's section 2255 action was also reassigned to this Court. Again, the clerk of court served notice of the reassignment on Petitioner by mail. On September 21, 2009, the second notice of reassignment mailed to Petitioner was returned to the Court marked undeliverable and unable to forward. In an order issued July 21, 2010 and filed July 22, 2010, the Court, in the absence of further correspondence from Petitioner, dismissed Petitioner's section 2255 action for failure to prosecute or advise the Court of a current address as required by Local Rule 183(b). A copy of the order was mailed to Petitioner on July 22, 2010 but was also returned.

On July 7, 2011, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's July 21, 2010 order dismissing his section 2255 action, alleging the dismissal was taken against him on ground of mistake, inadvertence or excusable neglect. The government did not file a written opposition to Petitioner's Rule 60(b) motion for relief.

On December 23, 2011, the Court vacated its July 21, 2010 order dismissing Petitioner's section 2255 action and reinstated the action to the active calendar of the Court.

On April 19, 2012, the Court issued a detailed 28-page order denying in its entirety Petitioner's motion to vacate, set aside or correct sentence pursuant to section 2255.

On May 21, 2012, Petitioner moved for reconsideration of the Court's April 19, 2012 order. "Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to

the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j). Reconsideration of motions may also be granted under the standards applicable to reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Petitioner has failed to meet the foregoing standard.

Accordingly, Petitioner's motion for reconsideration is DENIED.


IT IS SO ORDERED.

Dated:     July 10, 2012     

_____
CHIEF UNITED STATES DISTRICT JUDGE