# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR LAMONT BROWN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:03-cv-06609-AWI<br>(1:98-cr-05294-AWI)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 287) |

The Court refers the parties to previous orders for a complete chronology of the proceedings. On November 9, 2000, Petitioner was found guilty by a jury on three counts of conspiracy to distribute, and possess with intent to distribute, cocaine under 21 U.S.C. §§ 846 and 841(a)(1), possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and criminal forfeiture of $1,090,968.00 under 21 U.S.C. § 853. On January 22, 2001, Petitioner was sentenced to life imprisonment on the first two counts to be served concurrently for a total term of life, followed by a 120-month term of supervised release. On November 14, 2003, following an unsuccessful appeal,[1] Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel. On April 19, 2012, the Court denied Petitioner's section

---

[1] *See U.S. v. Brown,* 40 Fed.Appx. 471 (9th Cir. 2002) (unpublished) (affirming sentence); *Brown v. U.S.,* 537 U.S. 1037, 123 S.Ct. 571, 154 L.Ed.2d 457 (2002) (denying certiorari); *Brown v. U.S.,* 537 U.S. 1150, 123 S.Ct. 959, 154 L.Ed.2d 859 (2003) (denying rehearing).

2255 motion. On May 21, 2012, Petitioner moved for reconsideration of the Court's April 19, 2012 order. The Court denied Petitioner's motion for reconsideration on July 11, 2012.

On August 6, 2012, Petitioner filed a motion for an extension of time to file a motion for a certificate of appealability, presumably for the purpose of appealing the Court's denial of his section 2255 motion to the United States Court of Appeals for the Ninth Circuit. On October 22, 2012, Petitioner filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).[2] In an order issued October 26, 2012, the Court granted Petitioner's motion for extension of time to file a motion for a certificate of appealability but denied his motion for return of property.

On November 13, 2012, Petitioner filed a notice of appeal from the portion of the Court's October 26, 2012 order denying his Rule 41(g) motion for return of property.[3] The appeal was processed to the United States Court of Appeals for the Ninth Circuit on November 15, 2012. On January 14, 2013, the appellate court remanded the case to this Court for the limited purpose of issuing or declining to issue a certificate of appealability in Petitioner's appeal.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from– [¶] . . . [¶] (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *Id*., § 2253(c)(2). "If a court denies a petitioner's [motion]," as here, "the court may only issue a certificate of appealability 'if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

---

[2] Rule 41(g) provides in full: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g).

[3] As of the date of this order's issuance, Petitioner has not filed a formal appeal of the Court's April 19, 2012 order denying his motion to vacate, set aside or correct sentence under section 2255.

2

further.' " *Melvin v. Clark,* slip copy, 2012 WL 4482038 (E.D.Cal. 2012), at *39 (citing *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) and *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In its October 26, 2012 order, the Court explained why Petitioner's Rule 41(g) motion for return of property could not succeed:

> " 'A motion to return seized property under Fed.R.Crim.P. 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision. When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity.' *U.S. v. Howell,* 425 F.3d 971, 974 (11th Cir. 2005). With certain exceptions not applicable here, 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.' 28 U.S.C. § 2401(a). The right of action for return of non-forfeited property accrues as soon as criminal proceedings have closed. *See U.S. v. Sims,* 376 F.3d 705, 708 (7th Cir. 2004) ('[O]nce the criminal proceedings or the civil forfeiture proceedings have concluded without the property having been forfeited . . . , the claimant knows that he has a present right to its return, and he shouldn't be permitted to postpone his request for its return indefinitely'). In this case, Petitioner's criminal proceedings concluded in 2002. Therefore, to comply with the six-year statute of limitations in section 2401, Petitioner was required file his Rule 41(g) motion no later than 2008. That was not done here."

No reasonable jurists could disagree with the Court's resolution of Petitioner's Rule 41(g) motion for return of property or conclude the issues raised were adequate to deserve encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability regarding Petitioner's appeal of the Court's October 26, 2012 order denying his motion for return of property.

IT IS SO ORDERED.

Dated:   January 15, 2013

                                             SENIOR DISTRICT JUDGE